

# New York University
## Sexual Misconduct Appeal Panel Decision

### Complaint of Sexual Misconduct by Jane Roe against John Doe

March 6, 2019

On January 28, 2019, a hearing was held before an external Adjudicator, Hon. Jane Greenspan (ret.), to determine whether the Respondent, John Doe ("Respondent") sexually assaulted the Complainant, Jane Roe ("Complainant") in violation of New York University's Sexual Misconduct, Relationship Violence and Stalking Policy (the "Policy"). Justice Greenspan found that the Respondent was not responsible for sexual assault under the Policy. The Complainant has now appealed. For the reasons stated below, the Appeal Panel affirms Justice Greenspan's decision.

NYU's procedures for Reporting, Investigating, and Resolving Sexual Misconduct, Relationship Violence, and Stalking – Complaints Against Students (the "Procedures") state that "[g]rounds for an appeal are limited to (1) a material procedural error, (2) previously unavailable relevant evidence that could affect the outcome; and/or (3) the sanction being substantially disproportionate to the violation." Following its review of the evidence and the parties' submissions, "the Appeal Panel may either (a) affirm the Adjudicator's determination, (b) alter the sanctions rendered, if raised as a ground for appeal, or (c) send the matter back to an Adjudicator for further proceedings consistent with its decision."

The Complainant identifies three bases for her appeal: (1) "[t]he Adjudicator failed to apply the totality of the circumstances standard of affirmative consent…;" (2) "the Adjudicator abused her discretion by failing to fairly weigh the relevance and value of witness testimony to the investigation by neither considering inconsistencies nor credibility in their testimony concerning [Complainant's] incapacitation;" and (3) various alleged procedural errors affected Complainant's ability to prepare for the January 28, 2019 hearing and to "obtain a fair resolution." Appeal at 1. In addition, Complainant requests that the Appeal Panel grant her additional protections and accommodations, such as the ability to make changes in her class schedule and academic support services.

The Complainant's first argument is that the Adjudicator failed to consider the totality of the circumstances, but rather "focused on a single factor to improperly make her decision…." Id. Specifically, the Complainant argues that the Adjudicator erred in focusing on whether a reasonable person in the Respondent's position would have understood the Complainant's words and acts as an expression of consent. Complainant argues that "[t]his is the opposite of the totality of the circumstances standard," which should "consist[ ] of looking at all the facts and circumstances, not just one." Id.

It is clear from the Adjudicator's opinion, however, that she did not base her conclusions on a single fact or element of the Policy. The opinion describes the evidence in significant detail, cites relevant portions of the Policy, including the definitions of Affirmative Consent and Coercion, and applies the evidence to the Policy. To be sure, the opinion focuses on certain facts and provisions of the Policy that are most salient to deciding the case, but this does not suggest that the Adjudicator failed to consider the totality of the circumstances. Indeed, in one of the quotations from the decision that the Complainant cites in her appeal, the Adjudicator

explicitly noted the correct standard, stating that "[t]he question under the policy is whether, *considering the totality of the circumstances*, 'a reasonable person in the Respondent's position would have understood such person's words and acts as an expression of consent.'" Appeal at 1 (quoting Decision at 5) (emphasis added).

The Complainant's second argument on appeal is that "[t]he Adjudicator, in determining incapacitation, inconsistently ... assessed the credibility and weight of witness testimony." Appeal at 4. This is not a proper grounds for appeal under NYU's Procedures, which limit the grounds for an appeal to "(1) a material procedural error, (2) previously unavailable relevant evidence that could affect the outcome; and/or (3) the sanction being substantially disproportionate to the violation." It is not the role of an Appeal Panel to conduct a *de novo* review of the weight of the evidence or the credibility of a witness. Moreover, even if this were a proper ground for appeal, we find that the Adjudicator did not abuse her discretion in this case. The issues regarding the weight of evidence and credibility raised in the Complainant's appeal ultimately amount to disagreements with the Adjudicator's conclusions. We see nothing in the Adjudicator's decision that demonstrates her weighing of the evidence or assessment of witness credibility was an abuse of discretion or material procedural error.

Third, the Complainant argues that the Adjudicator's decision should be vacated based on "various procedural errors" including (a) the lack of clarity as to which witnesses were going to testify at the Hearing; (b) the alleged existence of "no mechanism before or during the Hearing" to respond to the written witness testimony that appears in the November 27, 2018 Investigation Report; (c) the failure to get the time stamps from the videos that were provided to the Adjudicator; and (d) the alleged claim that "[t]he Adjudicator stated she had not prepared for the Hearing." Appeal at 5.

On January 10, 2019, NYU's Office of Student Conduct ("OSC") notified both parties that it would be "requesting the availability of all witnesses who participated in the investigation conducted by the Office of Equal Opportunity – i.e., EG, WM, NW, KS, CG, RA, SS, AM, and WC – to testify at the University Sexual Misconduct hearing. The OSC administrator further indicated that "I will do my best to update you late next week regarding the witnesses availability / participation." Despite multiple requests by the OSC, only two witnesses, EG and WM, agreed to participate in the hearing. Two other witnesses responded on January 28 that they were not going to participate, and the remaining witnesses did not respond to the OSC at all.

The Procedures state that: "The Adjudicator will identify witnesses that he/she wishes to hear from at the hearing based on a review of the Investigation report. The Complainant and Respondent each have the right to request the presence of any additional witnesses at the hearing. However, the *University cannot compel the attendance of any witness.*" Procedures at at IV.B.5 (emphasis added). Because the Adjudicator identified to the Parties the witnesses she wished to hear from at the Hearing, including the two witnesses who did testify, the fact that several witnesses in this case failed to respond and/or elected not to participate does not constitute a material procedural error.

Nor was the failure to get time stamps from videos a material procedural error as there was no dispute at the Hearing as to the approximate time that the videos were taken relative to the incident. The Adjudicator did not discredit the Complainant's testimony regarding when the videos were taken or discount their probity based on when they were taken. Noting that

4

the time stamps might have been "nice to have" is a far cry from it being a material procedural error not to have sought to obtain them.

The Complainant's argument that there was "no mechanism before or during the Hearing" to respond to the written witness testimony is incorrect. Both parties were given draft copies of the Title IX Investigation Report, including the written witness statements, on November 13, 2019, and were invited to "review the draft report (including the related attachments) and provide any edits, clarification, or comments (to your statement *or others*), as you feel is necessary." Investigation Report, Att. N. Indeed, on November 21, 2019, the Complainant in fact *provided a response* to the witness statements in the draft report and her response was included in the Final Investigation Report that was relied upon by the Adjudicator. See id. Furthermore, the Complainant was given several opportunities at the hearing to speak, including a closing statement, during which she could have addressed the written witness statements of the witnesses who had failed to appear.

Similarly, the statement in Complainant's appeal that "[t]he Adjudicator stated she had not prepared for the Hearing" is not consistent with the Panel's review of the recording from the Hearing. In reviewing the audio from the Hearing, the Panel did not hear the Adjudicator state that she had not prepared for the Hearing (or anything similar to that effect), and the appeal fails to identify any time in the Hearing at which the Adjudicator is purported to have made the statement. On the contrary, the Adjudicator stated that she had been provided with "everything" that the parties had received or submitted in advance of the Hearing, including "most importantly the Investigation Summary Report," (Hearing at 8:19-8:30), and it is evident from the Adjudicator's questions during the Hearing that she had thoroughly reviewed the case materials prior to the Hearing. Furthermore, even if the Adjudicator had stated that she had

not prepared for the Hearing in advance, the appeal fails to demonstrate that this would have constituted a "material procedural error" under the Procedures, which do not specify a level of preparedness that an Adjudicator must meet in advance of the Hearing. The Adjudicator's decision plainly reveals that she was fully aware of all the evidence and of the parties' contentions at the time she prepared her decision.

For the reasons stated above, the Adjudicator's decision finding the Respondent not responsible is affirmed.[1]

Respectfully submitted,

Tiffany Boselli
Staci Ripkey
Yael Shy

---

[1] The Complainant's appeal also requests additional protections and accommodations to allow her to fully participate in extra-curricular activities and classes. While this request is not proper grounds for an appeal under the Procedures, the Panel notes that the Complainant may continue to request reasonable accommodations from the appropriate offices at NYU, such as Counseling and Wellness Services, provided the accommodations do not amount to sanctions on the Respondent. The Panel further notes that in his response to the appeal, Respondent (justifiably) objects to an accommodation that would designate "all of NYU as Complainant's 'safe space,' when I have not violated any Policy," but he expressly does not challenge continuation of a no-contact order or Complainant's request for academic accommodations. See Respondent's Appeal Response at 7-8.