

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

June 7, 2019

**By ECF**

The Honorable Andrew L. Carter Jr.
United States District Court, Southern District of New York
40 Foley Square, Room 1306
New York, New York 10007

**Re:**   *Doe v. New York University, et al.*, No. 19 Civ. 744 (ALC)

Dear Judge Carter:

Pursuant to Sections 2.A and 2.D of the Court's Individual Practices, Defendants[1] respectfully request a pre-motion conference regarding their anticipated motion to dismiss the Amended Complaint ("AC") filed by Plaintiff John Doe.

As the Court may recall, this case has already been before the Court, on Plaintiff's motion for a temporary restraining order and preliminary injunction.  Plaintiff is an undergraduate at NYU, who was accused of sexual assault by another NYU student, Jane Roe. After an initial disciplinary hearing, an adjudicator (Defendant Jolley) found Doe responsible for violating NYU's Sexual Misconduct, Relationship Violence, and Stalking Policy (the "Policy"), concluding that Roe had been "incapacitated" during a sexual encounter with Doe and thus incapable of giving consent.  Doe appealed, however, and the adjudicator's proposed sanctions were stayed during the appeal.  On October 1, 2018, NYU's Sexual Misconduct Appeal Panel sustained Doe's appeal, vacated the finding of a Policy violation, and remanded for further investigation and proceedings.  After further investigation, NYU set a new hearing to consider Roe's charges, to be held on Monday, January 28, 2019.

Shortly before that hearing, however, Doe filed his complaint, and moved for emergency relief to prevent the hearing from going forward.  After briefing over the weekend, the Court held oral argument at 9:00 a.m. on Monday, January 28, shortly before the disciplinary hearing was to begin.  The Court denied the requested relief on the ground that Plaintiff could not show irreparable injury, since it was entirely possible that he could prevail at the new hearing.  *See* Dkt. 10.  And that is exactly what happened.  After the hearing, a new adjudicator found Doe not

---

[1]   We represent Defendants New York University ("NYU"), Jolley, Hodge, Maeder, Shepard, Signor, Wade, Tomaselli, and Metzler.  All of these individual defendants are NYU employees.  At present, we do not represent Defendant Jacqueline Cornell, who no longer works at NYU, and we do not know whether she has been served.

Hogan Lovells US LLP is a limited liability partnership registered in the District of Columbia.  Hogan Lovells refers to the international legal practice comprising Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells Worldwide Group (a Swiss Verein), and their affiliated businesses with offices in:  Abu Dhabi  Alicante  Amsterdam  Baltimore  Beijing  Berlin  Brussels  Caracas  Colorado Springs  Denver  Dubai  Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  London  Los Angeles  Madrid  Miami  Milan  Moscow  Munich  New York  Northern Virginia  Paris  Philadelphia  Prague  Rome  San Francisco  Shanghai  Silicon Valley  Singapore  Tokyo  Ulaanbaatar  Warsaw  Washington DC  Associated offices: Budapest  Jeddah  Riyadh  Zagreb

responsible for any violation of the NYU Policy. AC ¶¶ 151-52. Roe filed an appeal, but her appeal was denied in March 2019. *Id.* ¶ 153-54.

The result, Plaintiff alleges, is that NYU found Doe "to be innocent of any sexual misconduct, or any violation of NYU policy whatsoever," and that "no sanctions were ultimately imposed against" Doe. *Id.* ¶ 155. Nevertheless, more than two months later, Plaintiff filed his Amended Complaint, shifting his legal theory and adding numerous individual defendants. Dkt. 21. Plaintiff's sole federal claim is that NYU's handling of this case violated Title IX of the Civil Rights Act of 1964. He alleges that, even though NYU ultimately found Doe "innocent" and imposed "no sanctions" (AC ¶ 155), it nevertheless reached the wrong "outcome" because it brought charges in the first place and did not find them unfounded earlier, because it allegedly unnecessarily prolonged the investigation, because it allegedly provided insufficiently detailed notice of Roe's allegations, and because, in so doing, it allegedly violated NYU's Policy and internal procedures. *See, e.g. id.* ¶¶ 81, 85-86, 101.

Plaintiff also alleges five state law causes of action, based on the same alleged facts. Two of these claims lie solely against NYU: that NYU breached an alleged contract with Doe and violated the covenant of good faith and fair dealing. AC ¶¶ 204, 228. The Amended Complaint also alleges three claims against NYU and each of the individual defendants: alleged violations of the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 296 and common-law claims for intentional and negligent infliction of emotional distress.

### Outline of Anticipated Motion to Dismiss

**Title IX.** There is no question that Defendants have substantial grounds for a motion to dismiss: Plaintiff's Title IX theory is unprecedented and unsound. The Amended Complaint alleges that even though NYU did not find him responsible for any violation of the University's Policy and imposed no discipline, Doe is nevertheless entitled to recover damages for the manner in which the university investigated and (initially) adjudicated Roe's allegations. This claim finds no support in logic or case law. So far as NYU is aware, no court has *ever* sustained a university-discipline Title IX claim where no discipline was ultimately imposed. Plaintiff's theory is wholly inconsistent with the types of Title IX claims previously recognized by the Second Circuit, and with analogous precedent from the Title VI and Title VII contexts.

*First*, "[i]n the context of university discipline, the Second Circuit has recognized two categories of Title IX claims: (1) claims of an erroneous outcome from a flawed proceeding, and (2) claims of selective enforcement." *Yu v. Vassar Coll.*, 97 F. Supp. 3d 448, 461 (S.D.N.Y. 2015). Plaintiff attempts to allege both (AC ¶¶ 2, 5, 167, 169), but falls well short of the mark. Under an "erroneous outcome" theory, "the claim is that the plaintiff was innocent and wrongly found to have committed an offense." *Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994). But here, Plaintiff plainly *agrees* with the outcome of NYU's disciplinary proceedings, which resulted, he alleges, in a finding of "innocence." And none of the allegedly flawed interlocutory steps, including the initial, overturned finding of a Policy violation, are cognizable "outcomes" under Title IX, a conclusion mandated both by the relevant Title IX cases and by analogous precedent under Title VII. Similarly, any selective enforcement claim fails as a matter of law because Plaintiff has not alleged that any comparably situated female NYU student was treated any differently than he was—the *sine qua non* of this type of claim. *Yusuf*, 35 F.3d at 716;

*Prasad v. Cornell Univ.*, 2016 WL 3212079, at *18 (N.D.N.Y. Feb. 24, 2016).

*Second*, even if the Court were inclined to recognize Doe's novel theory of Title IX liability, he has failed to allege any facts from which the Court could plausibly infer, even at the pleading stage, that NYU's disciplinary proceedings—which, after all, allegedly *exonerated* Doe—were motivated by gender bias. Plaintiff does not plausibly allege any "direct" evidence of gender bias, and the Amended Complaint's sole attempt to do so—his argument that Jolley's initial decision reflects stereotyped thinking (AC ¶¶ 115-16)—is contradicted by the decision itself (which is incorporated by reference into the Amended Complaint) and is insufficient as a matter of law. *See B.B. v. The New Sch.*, 2018 WL 2316342, at *7 (S.D.N.Y. Apr. 30, 2018). Nor does Plaintiff plausibly allege any facts circumstantially demonstrating bias. His threadbare allegations that NYU was under "public pressure" to punish male students (AC ¶¶ 135-40)—a transparent attempt to shoehorn his claims into the formulation upheld in *Doe v. Columbia Univ.*, 831 F.3d 46 (2d Cir. 2016)—are internally contradictory, illogical, and ultimately insufficient, both on their face and as compared to "public pressure" allegations in other Title IX cases. And while allegations of supposedly one-sided investigatory and adjudicative processes might have supported an inference of bias in *Columbia* and other cases in which a university actually disciplined the plaintiff, Doe's allegations fail to do so here, where no discipline was imposed.

**State-law claims**. Doe's state-law theories are also facially insufficient. Plaintiff's discrimination claim under the NYSHRL fails because he has not plausibly alleged that any Defendant acted with any gender- or "ethnicity"-based bias.[2] Plaintiff's contract theories fail because, while New York law permits a student to sue for breach of an implied contract in some circumstances, here he has not plausibly identified any "specific promise or obligation" that NYU allegedly breached and plausibly caused him damage. *See, e.g.*, *Evans v. Columbia Univ.*, 2015 WL 1730097, at *4 (S.D.N.Y. Apr. 13, 2015). The Amended Complaint selectively quotes the governing NYU procedures in an attempt to allege a breached obligation, but the identified provisions are either not enforceable promises (like NYU's statement that sexual misconduct investigations "*typically* will be completed within thirty-five days" (emphasis added), *see Doe v. Colgate Univ.*, 2017 WL 4990629, at *19 (N.D.N.Y. Oct. 31, 2017)), or were not in fact plausibly breached (*compare* AC ¶¶ 103-04 *with id.* ¶¶ 12, 100). Moreover, neither NYU's alleged breaches of amorphous policy statements (*id.* ¶¶ 73-74, 209) nor Doe's independent claim for breach of an implied covenant of good faith and fair dealing are cognizable under New York law. *See Evans*, 2015 WL 1730097, at *4 (citing cases). Finally, Plaintiff's tort claims fail because he does not identify any independent duty that NYU (or the individual defendants) supposedly breached, *see Prasad*, 2016 WL 3212079, at *23, or any alleged conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency," *Howell v. N.Y. Post Co.*, 81 N.Y.2d 115, 121 (1993).[3]

---

[2] While briefly alleging in conclusory fashion that Plaintiff was the victim of bias on the basis of his ethnicity as an "Asian American" (AC ¶ 4), Plaintiff alleges no facts at all to support this claim, and it would not support a cause of action under Title IX in any event.

[3] Plaintiff fails to make *any* specific allegations of misconduct against most of the individual defendants, and alleges no specific conduct against any individual defendant meeting the relevant standard.

Hon. Andrew L. Carter Jr. - 4 - June 7, 2019

Respectfully submitted,

/s/ Ira M. Feinberg /

Ira M. Feinberg
T: +1 212 918 3509
ira.feinberg@hoganlovells.com

cc: Counsel for Plaintiff (via ECF)